IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

_____
                                    )
HARRY W. TOLLEY, JR.,               )
                                    )
         Plaintiff,                 )
                                    )   Civil Action No.:
    v.                              )
                                    )
MERCER UNIVERSITY                   )
                                    )   **JURY TRIAL DEMANDED**
                                    )
                                    )
         Defendant.                 )
_____ )

## COMPLAINT

Plaintiff Harry W. Tolley, Jr. ("Plaintiff" or "Dr. Tolley") files this Complaint against Defendant for violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. ("Title VII") and for violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981

### JURISDICTION AND VENUE

1.  Plaintiff brings this action pursuant to Title VII and 42 U.S.C. § 1981. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

2.  Plaintiff submits himself to the jurisdiction of this Court.

3. The unlawful violations of Plaintiff's civil rights were committed within the Northern District of Georgia. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has satisfied all administrative prerequisites to perfect his claims of discrimination under Title VII. Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the EEOC issued notice of Plaintiff's right to sue for his claims under Title VII of the Civil Rights Act of 1964.

5. Plaintiff timely files this lawsuit following the receipt of his Notice of Right to Sue.

## PARTIES

6. Plaintiff is now and was at all times relevant to this action, a citizen of the United States entitled to bring actions of this type and nature. Plaintiff is now and was at all times relevant to this action a resident of the State of Georgia.

7. Defendant Mercer University is subject to this Court's jurisdiction. Defendant may be served by delivering a copy of the Complaint and summons to William Solomon, 1501 Mercer Univ. Dr., Macon, GA, 31207, USA.

## FACTUAL ALLEGATIONS

8. Dr. Tolley is a White male with Hispanic heritage.

9. Dr. Tolley is a distinguished professor with an extensive educational and professional background in Religious Studies.

10. Dr. Tolley's primary and secondary specializations are New Testament and Ancient Mediterranean History and Archaeology, respectively.

11. Dr. Tolley completed an M.A. from the Department of Religion at the University of Georgia (with a major in New Testament) and a B.A. from the University of North Carolina at Charlotte, where he majored in Religious Studies.

12. In 2006, Dr. Tolley was awarded the University of Pennsylvania School of Arts and Sciences Dissertation Fellowship.

13. In 2009, Dr. Tolley received his Ph.D. in Religious Studies from the University of Pennsylvania.

14. Over his career, Dr. Tolley has published numerous articles in highly respected scholarly journals and his work has been cited in the Harvard Theological Review.

15. Dr. Tolley was the designer and sole instructor of over a dozen classes in "New Testament" while an Adjunct Professor at Appalachian State University from 1999-2002.

16. Dr. Tolley served as an Instructor at the University of Pennsylvania between 2004-2006.

17. Since 2012, Dr. Tolley has been employed as an Adjunct Professor and Instructor of "World Religions" and "Survey of Philosophical Thought" at Perimeter College at Georgia State University and its predecessor, Georgia Perimeter College.

18. On October 18, 2018, Dr. Tolley applied for an open Professor of New Testament Studies position at Defendant's McAfee School of Theology.

19. Dr. Tolley was well-qualified for this position based on Defendant's job description, his educational background, experience, and continued scholarship.

20. On November 16, 2018, Dr. Tolley had a telephone conversation with Dr. Loyd Allen, a professor with Defendant since 1995, regarding the Professor of New Testament Studies position.

21. Dr. Allen strongly indicated to Dr. Tolley that his application was unlikely to be successful because of Dr. Tolley's race and sex.

22. Dr. Allen then stated that "being a female or a person of color is an advantage" in being considered.

23. Dr. Allen also stated that the student body was roughly 50% African-American, and that the "racial makeup of the faculty at Mercer is going to have to change to better reflect the racial makeup of our student body."

24. Dr. Allen also indicated to Dr. Tolley that he could influence the hiring committee by offering to speak to the hiring committee and vouch for Dr. Tolley's candidacy.

25. Dr. Allen concluded by saying that because Mercer had only one African-American faculty member who was retiring, "we feel that we owe it to our students to hire another African-American professor to take his place."

26. The application period was scheduled to expire on November 10, 2018, because, upon information and belief, Defendant intended to interview applicants at the Society of Biblical Literature Conference that month.

27. However, the position was deleted from online job boards on October 22, 2018.

28. Defendant deleted the position because Defendant had already hired an African-American woman, who did not meet the minimum qualifications for the position, without fairly considering all qualified applicants, including Dr. Tolley.

29. For example, in contrast to Dr. Tolley's extensive experience, the selected candidate had only been teaching in theological education "in some capacity" since 2013.

30. Defendant discriminated against Dr. Tolley by failing to consider his application and failing to hire him because he was non-African-American.

## CAUSES OF ACTION

### COUNT ONE
### Race Discrimination - Title VII of the Civil Rights Act of 1964

31. Plaintiff incorporates each of the above factual allegations as if fully restated here.

32. At all times material to this Complaint, Defendant was an "employer," and as that term is used under Title VII.

33. Plaintiff, a white male with Hispanic heritage, belongs to a protected class.

34. Plaintiff applied for and was qualified for a position for which Defendant was accepting applications.

35. Despite Plaintiff's qualifications, he was not hired.

36. Instead, Defendant hired a less-qualified individual outside of Plaintiff's protected class.

37. Defendant violated the Plaintiff's rights under Title VII by failing to hire Plaintiff or fairly consider his application because of his race.

38. Defendant's above-pleaded discriminatory conduct toward Plaintiff constitutes race discrimination in violation of Title VII.

39. Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

40. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

41. Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorneys' fees, and all other appropriate damages, remedies, and other relief under Title VII and all federal statutes providing remedies for violations of Title VII.

## COUNT TWO
### Race Discrimination - 42 U.S.C. § 1981

42. All preceding paragraphs are hereby incorporated as though each of the factual allegations was restated.

43. 42 U.S.C. § 1981 prohibits Defendant from discriminating against Plaintiff on the basis of race with regard to the making and enforcing of employment agreements.

44. Plaintiff, a white male with Hispanic heritage, belongs to a protected class.

45. Plaintiff applied for and was qualified for a position for which Defendant was accepting applications.

46. Despite Plaintiff's qualifications, he was not hired.

47. Instead, Defendant hired a less-qualified individual outside of Plaintiff's protected class.

48. Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

49. The above-pleaded discriminatory conduct toward Plaintiff constitutes unlawful race discrimination against Plaintiff in violation of 42 U.S.C. § 1981.

50. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has suffered damages including lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

51. Accordingly, Plaintiff is entitled to the equitable and monetary relief set forth in the below prayer for relief for Defendant's violations of his rights under 42 U.S.C. § 1981.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Tolley demands a TRIAL BY JURY and the following relief:

(a) declare that Defendant has violated Plaintiff's rights under the federal statutes listed above;

(b) permanently enjoin Defendant from violating, in the future, Plaintiff's rights under the federal statutes listed above;

(c) award Plaintiff full back pay, including all lost pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(d) award Plaintiff prejudgment interest as required by law;

(e) award Plaintiff compensatory damages for emotional pain and suffering in an amount to be determined by the enlightened conscience of a jury;

(f) award Plaintiff front pay, including all lost future pay and benefits, raises, cost of living increases, retirement benefits, and all other lost benefits and compensation reducible to a dollar amount;

(g) award Plaintiff punitive damages, against Defendant sufficient to punish Defendant for its unlawful conduct and deter it from repeating such conduct in the future, as determined by the enlightened conscience of a jury;

(h) award Plaintiff reasonable attorneys' fees and expenses pursuant to Title VII and 42 U.S.C. § 1988; and

(i) grant such additional relief as may be just.

Respectfully submitted this 8th day of June, 2020.

**BUCKLEY BEAL, LLP**

*/s/ Thomas J. Mew*
Thomas J. Mew
GA Bar No. 503447
tmew@buckleybeal.com
Rudi Julius
GA Bar No. 605298
rjulius@buckleybeal.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101