IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HARRY W. TOLLEY, JR.,

    Plaintiff,

v.

MERCER UNIVERSITY,

    Defendants.

Civil Action No.
1:20-cv-02453-VMC

**ORDER**

Before the Court is the Final Report and Recommendation of Magistrate Judge Regina D. Cannon ("R&R," Doc. 78) which recommends granting the motion of Defendant Mercer University ("Mercer") for summary judgment ("Motion," Doc. 54). Plaintiff Dr. Harry W. Tolley, Jr. filed objections to the R&R. ("Objection," Doc. 82). Mercer filed a Reply to the Objection. ("Reply," Doc. 83). For the reasons that follow, the Court will adopt the R&R.

**Legal Standard**

Under 28 U.S.C. § 636(b)(1), the Court reviews the Magistrate Judge's Report and Recommendations for clear error if no objections are filed to the report, and it may "accept, reject, or modify" the magistrate's findings and recommendations. Where the parties do not file any objections, section 636 does not require the district court to review any issue in dispute de novo. On the other hand, if a party

files objections, the district court must determine de novo any part of the Magistrate Judge's disposition that is the subject of a proper objection. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

## Discussion

The Magistrate Judge extensively recounted the factual background of this case. Dr. Tolley's Objection does not contend that the Magistrate Judge erred in recounting the facts based on the evidence, but only that the Magistrate Judge improperly failed to find the existence of genuine, material factual disputes based on that evidence and failed to draw reasonable inferences in favor of Dr. Tolley as the non-movant. As such, the Court will not restate the factual background here.

Dr. Tolley's primary objection centers on whether a genuine, factual dispute exists around the search committee's knowledge of his race.[1] (Objection at 1, Doc. 82). The three committee members, professors Dr. Karen Massey, Dr. Dave Garber, and Dr. Nancy deClaisse-Walford, along with Dean Greg DeLoach each swore in affidavit testimony that they were unaware of Dr. Tolley's race during the selection process. (R&R at 6, Doc. 78).

Dr. Tolley points to the fact that he had a phone call with his distant relative, Dr. Loyd Allen, who is a professor in Mercer's McAfee School of Theology, about

---

[1] The Court has reviewed the portions of the R&R not objected to for clear error and finds none.

2

the position. (Objection at 2–3, Doc. 82). Dr. Tolley's wife was the step-niece of Dr. Allen's cousin (R&R at 4, Doc. 78). After his call with Dr. Allen, Dr. Allen later had a phone call with search committee member Dr. Garber and "probably mentioned" his family relationship to Dr. Tolley and asked if the committee had received his application. (Objection at 3, Doc. 82). In response to this argument, the Magistrate Judge wrote:

> From that mere mention, Plaintiff suggests it is possible Dr. Garber inferred that Plaintiff, the husband of Dr. Allen's cousin's stepniece, was also Caucasian. However, stacking possibility on probability as Plaintiff suggests can establish no more than a speculative and very faint specter of racial cognizance on Dr. Garber's part. *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."). That is not enough at this stage.

(R&R at 20). Dr. Tolley assails this conclusion, arguing that "[g]iven the familial relationship, it is a reasonable inference of fact, which must be drawn if Dr. Tolley's favor, that the Search Committee was aware of Dr. Tolley's race." (Objection at 3, Doc. 82). But Dr. Tolley merely reargues the same points he made to the Magistrate Judge. The closest Dr. Tolley comes to challenging the R&R directly is in a footnote, where he tries to distinguish *Cordoba*, cited by the Magistrate Judge in support of the proposition that speculation does not create a fact issue. (Objection at 3, 3 n.2, Doc. 82).

3

Of note, *Cordoba* contrasted the plaintiff in that case with the plaintiff in a Seventh Circuit case, *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir.1995). 419 F.3d at 1181. In *Hedberg*, "the plaintiff had told his supervisor that he had a 'possible major health problem,' but, because he wanted it 'kept private,' he asked that the supervisor 'not tell anybody else.' *Cordoba*, 419 F.3d at 1181 (quoting *Hedberg*, 47 F.3d at 930. "About one month later, the defendant decided to fire the plaintiff." *Id.* (citing *Hedberg*, 47 F.3d at 930). "The plaintiff's supervisor 'reported occasionally' to the relevant decision-maker about the plaintiff's job performance, but in his affidavit he stated that, as the plaintiff had requested, he did not disclose the plaintiff's 'possible major health problem' until well after the decision to fire the plaintiff had been made." *Id.* (citing *Hedberg*, 47 F.3d at 931–32). "[T]he Seventh Circuit concluded that the plaintiff's argument that the supervisor was lying 'was mere conjecture, unsupported by any evidence or reasonable inference.'" *Id.* (citing *Hedberg*, 47 F.3d at 932).

Here, Dr. Tolley is faced with sworn testimony of the relevant decision makers that they were unaware of his race when making the decision not to hire him. (R&R at 6, Doc. 78). And while, unlike the plaintiff in *Hedberg*, there is some testimony here that a discussion between a coworker and decision maker occurred, the testimony about the contents of that call is equivocal. (*Id.* at 20). And even assuming Dr. Allen did mention his relationship to Dr. Tolley, inferring that

Dr. Garber intuited Dr. Tolley's race from this limited information (and then that somehow imputed this intuition to the entire hiring committee (*contra* Objection at 4)) is simply a bridge too far to be considered "reasonable." The Court agrees with the Magistrate Judge's conclusion that there is no genuine, material dispute of fact as to the question of whether Mercer's committee members had knowledge of his race.[2]

Having adopted that portion of the R&R, the Court agrees with the Magistrate Judge that "[t]hat alone is enough to doom his claims." (R&R at 19, Doc. 78).[3] Recognizing that the Magistrate Judge laid out two independent grounds for her conclusion that Mercer rebutted the presumption of discrimination, the Court need go no further. And having so found, the Court need not consider Dr. Tolley's arguments about pretext or arguments under the "mosaic" or mixed-motive frameworks, because as a matter of law an "employer cannot intentionally discriminate against an individual based on his [race] unless the employer knows the individual's [race]." *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1305-06 (11th Cir. 2002); *see also Brooks v. Cnty. Comm'n of Jefferson Cnty.*,

---

[2] The fact that the committee members may have had demographic information that other applicants voluntarily provided is not relevant to the issue of whether they had knowledge of Plaintiff's race. (see Objection at 9–10, Doc. 82). Moreover, this argument is further undercut by the fact that the committee advanced other White candidates to the interview phase. (Reply at 4 n.1, Doc. 83).

[3] Dr. Tolley asserts that the Magistrate Judge omitted discussion of the fact that

*Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) ("A reason is not pretext for discrimination 'unless it is shown both that the reason was false, and that discrimination was the real reason. . . .'") (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)).

## Conclusion

For the reasons given above and to the extent set forth above, Plaintiff's Objection (Doc. 82) is **OVERRULED**, and the R&R (Doc. 78) is **ADOPTED**. Defendant's Motion for Summary Judgment (Doc. 54) is **GRANTED**. The Clerk is directed to enter judgment for Defendant and to close the case.

**SO ORDERED** this 25th day of August, 2022.

_____
Victoria Marie Calvert
United States District Judge